**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   **NO. 4:20CR00561 JAR** |
| v. | ) |
| | ) |
| TRAVON LAWRENCE, | ) |
| | ) |
| Defendant. | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.  **PARTIES:**

The parties are the defendant Travon Lawrence, represented by defense counsel James L. Miller, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

2.  **GUILTY PLEA:**

**A.**   **The Plea:**     Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One, Two, Four and Five of the indictment, the United States agrees to dismiss Counts Three and Six at the time of sentencing.   The United States further agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this

time, arising out of the events set forth in the indictment.

**B.**      **The Sentence:**         The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case.      **The parties agree to make a joint recommendation that Defendant be sentenced to 60 months on Count Two and 84 months on Count Five to run consecutive to each other and consecutive to the low-end of the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court for Counts One and Four at the time of sentence.**      The parties further agree that neither party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court.      The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.**      **ELEMENTS:**

    **A.**      **Count One:**    As to Count One, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

        **(i)** Defendant possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

        **(ii)** Defendant possessed it knowingly and intentionally; and

        **(iii)** Defendant did so with intent to distribute it to another person.

    **B.**      **Count Two:**

As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands

that the elements of the crime are as follows:

    **(i)**    The Defendant committed the crime of possession with intent to distribute a controlled substance, *i.e.*, fentanyl; and

    **(ii)**    The Defendant knowingly possessed a firearm in furtherance of that crime.

    **C.**    **Count Four:**  As to Count Four, the Defendant admits to knowingly violating Title 18, United States Code, Sections 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**    The Defendant, took a 2015 Kia Sportage, vehicle identification number ("VIN") KNDPB1AC2F7781770, from the person or presence of another;

    **(ii)**    The Defendant did so by means of force, violence, or intimidation;

    **(iii)**    The aforementioned 2015 Kia Sportage had been transported in interstate commerce; and

    **(iv)**    At or during the time the Defendant took the aforementioned 2015 Kia Sportage, he intended to cause death or serious bodily injury.

    **D.**    **Count Five:**  As to Count Five, the Defendant admits to knowingly violating Title 18, United States Code, Sections 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**    The Defendant committed the crime of armed carjacking as set forth in Count Four of the indictment; and

    **(ii)**    The Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On September 7, 2019, in the City of St. Louis, within the Eastern District of Missouri, officers with the St. Louis Metropolitan Police Department (SLMPD) observed a silver Chevrolet Malibu violate a stop sign at the intersection of Webster and Cass Avenues.   The officers conducted a traffic stop and requested pedigree information from the driver and a passenger, later determined to be Defendant.   Defendant initially provided a false name and date of birth and was asked to exit the vehicle.   As Defendant exited the vehicle, the officers observed that he was wearing a black satchel around his shoulder.   One of the officers placed a hand under the bottom of the satchel and felt a heavy object he believed to be a firearm.   The officer asked Defendant if it was a weapon to which Defendant responded "yes".   The officer removed the bag and located a fully loaded .40 caliber semi-automatic pistol inside.   Defendant subsequently provided the officer with his real name and date of birth and a computer inquiry showed that he was a previously convicted felon.   The firearm was seized and was identified as a Ruger .40 caliber semi-automatic pistol. The firearm functioned as designed. A search of Defendant subsequent to arrest revealed a plastic bag in Defendant's breast pocket containing 59 black and clear capsules that contained fentanyl.

The SLMPD Crime Lab tested the suspected controlled substances.   The 59 clear and blue capsules tested positive for fentanyl (total weight 5.7 grams). Expert testimony, in the event of trial, would establish that the amount of fentanyl possessed by the Defendant and the manner of

packaging in the instant case is consistent with the intent to distribute. Defendant admits that he possessed the Ruger .40 caliber semi-automatic pistol in furtherance of possession with intent to distribute a controlled substance.

On January 8, 2020, in the City of St. Louis, within the Eastern District of Missouri, SLMPD officers were dispatched for a robbery at 348 Newstead.  As they responded to that address, they observed a Kia Sportage telling traveling with no headlights.   After illuminating the interior of the vehicle with a spotlight, they observed the driver to be a black male dressed in dark clothing with a hood and mask covering his mouth.   The officers pulled behind the vehicle and activated their emergency equipment at which time the driver accelerated and fled with the officers in pursuit.  While in pursuit of the vehicle, the officers received a dispatch advising that a Kia Sportage was taken in a carjacking at 4355 Maryland approximately six minutes prior to the robbery on Newstead.   The driver of the Kia continued to flee with police in pursuit until it reached a dead-end at Newstead and Sarah and crashed into fence post after which the driver exited the vehicle and fled on foot.   During a canvass of the area, police located Defendant in the stairwell of a basement of a residence located at 4167 Delmar and Defendant was arrested. Police located a loaded S&W M&P 9 Shield 9mm semi-automatic pistol on the driver's seat of the Kia.

Police interviewed the victim of the carjacking, K. W., who advised that after placing   a Christmas present into her 2015 Kia Sportage, vehicle identification number ("VIN") KNDPB1AC2F7781770, that was parked in the 4300 block of Maryland Avenue, in the City of St. Louis, Missouri, she turned around and a black male was standing at the rear of her car pointing a small black gun at her and said "Give me your keys" after which she threw the keys,

yelled and then ran away.   The victim was transported to the Delmar address and positively identified Defendant as the person who carjacked her.   The victim was shown the pistol seized from the Kia and identified it as the gun that Defendant used in the carjacking. The firearm functioned as designed.

The 2015 Kia Sportage had been transported across state lines and in interstate commerce prior to the aforementioned carjacking. During the carjacking of the Kia Sportage, Defendant admits that he intended to cause death or serious bodily injury, if necessary, to steal the Kia Sportage.   Defendant further admits that he possessed and brandished the firearm in furtherance of the carjacking.

5.    **STATUTORY PENALTIES:**

A.    **Statutory Penalties**:  The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

(i)    **Count One:** As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine.   The Court shall also impose a period of supervised release of at least three years.

(ii)    **Count Two:** As to Count Two, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than five (5) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court shall impose a period of supervised release of not more than five years.   The Defendant

Page **6** of **17**

fully understands that the crime to which a guilty plea is being entered on Count Two requires a mandatory minimum term of imprisonment of 60 months consecutive to any other sentence imposed.

        **(iii)**   <u>**Count Four**</u>:   As to Count Four, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court also may impose a period of supervised release of not more than three years.

        **(iv)**   <u>**Count Five**</u>:   As to Count Five, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine.   The Court also may impose a period of supervised release of not more than five years.   The Defendant fully understands that the crime to which a guilty plea is being entered on Count Five requires a mandatory minimum term of imprisonment of 84 months consecutive to any other sentence imposed.

**6.**     <u>**U.S. SENTENCING GUIDELINES: 2021 MANUAL**</u>

    The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.   The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.     **Offense Conduct**:

## COUNT ONE
## POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL

    (i)     **Chapter 2 Offense Conduct:**

        (a)     **Base Offense Level**:  The parties further agree that, as to Count One, the base offense level is 14 as found in Section 2D1.1(c)(12). The parties agree that the net weight of the quantity of controlled substances the defendant possessed with the intent to distribute was at least 4 grams but less than 8 grams of fentanyl resulting in the base offense level of 14 unless Defendant is a Career Offender.   Depending on the underlying offense and defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant to be a Career Offender, the advisory Total Offense Level, with a 3-level reduction of responsibility taken into account, will be a Level 29 with a Criminal History Category score of VI.   Defendant has discussed these possibilities with defense counsel.   Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

        (b)     **Specific Offense Characteristics**:    The parties agree that the following Specific Offense Characteristics apply:    none known at this time.

        (c)     **Chapter 3 Adjustments**:

           (i)     **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.   If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely

notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNT TWO
### POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

(i) **Chapter 2 Offense Conduct**:

(a) **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

(b) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

(c) **Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Two, Defendant

is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

**COUNT FOUR**
**CARJACKING**

      **(i)**      **Chapter 2 Offense Conduct**:

          **(a)**      **Base Offense Level**:   The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

          **(b)**      **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: two levels should be added pursuant to Section 2B3.1(b)(5) because the offense involved carjacking.

          **(c)**      **Chapter 3 Adjustments**:

              **(i) Reckless Endangerment During Flight:**   The parties agree that two levels should be added pursuant to Section 3C1.2 because the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

              **(ii)**      **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

      The parties agree that if Defendant does not abide by all of the agreements made within

this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**COUNT FIVE**
**BRANDISHING OF FIREARM IN FURTHERANCE OF A CARJACKING**

        **(i)**    **Chapter 2 Offense Conduct**:

        **(a)**    **Base Offense Level**:   The parties agree that the Base Offense Level is found in Section 2K2.4(b).

        **(b)**    **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: none known at this time.

        **(ii)**    **Chapter 3 and 4 Adjustments**:   Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply.   Therefore, as to Count Five, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

        **C.**    **Estimated Total Offense Level**:   Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

        **(i)**    **Count One**:   The parties agree that the Total Offense Level for Count One

Page **11** of **17**

is 12.

        **(ii)**    **Count Two:**   The parties agree that with respect to Count Two, the Defendant will receive a mandatory minimum sentence of 60 months, which will run consecutively to any other sentence Defendant may receive.

        **(iii)**    **Count Four:** The parties agree that the Total Offense Level for Count Four is 21.

        **(iv)**    **Count Five:** The parties agree that with respect to Count Five, the Defendant will receive a mandatory minimum sentence of 84 months, which will run consecutively to any other sentence Defendant may receive.

    **C.**    **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.   The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    **D.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **A.**    **Appeal:**   The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under

Title 18, United States Code, Section 3742.

      **i.**    **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statutes to which Defendant is pleading guilty, and whether Defendant's conduct falls within the scope of the statutes.

      **ii.**    **Sentencing Issues:**  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

    **B.**    **Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **C.**    **Right to Records:**  The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.     **OTHER:**

A.     **Disclosures Required by the United States Probation Office:**   The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

B.     **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

C.     **Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.   These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The Defendant understands that parole has been abolished.

D.     **Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the Defendant agrees to pay at the time of sentencing.   Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E.     **Possibility of Detention:**   The Defendant may be subject to immediate detention

pursuant to the provisions of Title 18, United States Code, Section 3143.

    **F.**    <u>**Fines and Costs of Incarceration and Supervision:**</u>  The Court may impose a fine, costs of incarceration, and costs of supervision.   The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

    **G.**    <u>**Forfeiture:**</u>  The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation.   The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners.   The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    <u>**ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**</u>

    In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance

of witnesses.   The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The Defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

**10.**   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The Defendant further acknowledges that this guilty plea is made of the

Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.    The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.    NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

7/8/2022
Date

J. CHRISTIAN GOEKE, #39462(MO)
Assistant United States Attorney

7-8-22
Date

TRAVON LAWRENCE
Defendant

7-8-2022
Date

#67234 MO

JAMES L. MILLER
Attorney for Defendant

Page 17 of 17